## Morris *against* Husson.

In an appeal from a judgment rendered upon the report of a referee, this court can not review questions which were not raised before the referee, although they may have been raised in the argument of a motion to set aside the re- port at a general term.

This was an action against the endorser of a promissory note, commenced in the superior court of the city of New York and tried before a referee. The report of the referee showed that on the 18th September, 1846, when the note became payable, it was in the Long Island Bank at Brook- lyn for collection: that on that day, at the request of the notary who did the bank business, the note was taken by a clerk of the bank to the maker's residence, and payment demanded and refused: that the clerk thereupon filled up one of the notary's blank notices of protest for nonpay- ment, addressed and mailed it to the defendant at New York, where he kept an office as a lawyer, receiving letters through the New York post office, although he resided in Brooklyn. The referee reported in favor of the plaintiff for the amount due on the note. No exception or objec- tion to the evidence or ruling appeared in the report. The defendant moved, at a general term, to set aside the report of the referee, and on that motion raised a variety of questions, among which were objections to the notice to charge the defendant as endorser. The court denied the motion, and the defendant appealed. .

*S. Beardsley* for appellant.

*N. Hill, jr.*, for respondent.

The opinion of the court was delivered by Mason, J. This case comes before the court on appeal from

the judgment of the superior court of the city of New York. The cause was tried before a referee, and from the case it does not appear that any objections were raised upon the trial of the cause before the referee, or any exceptions taken. So far as we are informed by the case, the objections were first raised in the general term, on a motion to set aside the report of the referee. I do not see, therefore, how we can review this case on any of the specified objections raised in banc. It was expressly held by this court in the case of the Onondaga County Mutual Insurance Co. *v.* Minard, (2 *Comst.R.* 98,) that a bill of exceptions will only lie to review a decision made at the trial of the cause, and if the bill be so framed as to show that the exception was taken to a decision *in banc* made after the trial, an appellate court can not look into it. The record, however, does not even show that any exceptions were taken in banc, but only that certain objections were raised against the report of the referee, and which were overruled in that court. The only question, therefore, presented by this record, if any, which this court can consider, is, whether there is any warrant for the judgment of the court below to be found in the facts as settled by the referee; and I very much doubt whether this court can entertain even such a question. It was expressly held in the case of *Borst* v. *Spelman*, (4 *Comst. R.* 284,) that this court can not review the decision of referees, or the judgment of a subordinate court, when the error is one of fact merely, however clearly the finding may be against the testimony.

In looking into the case I find there is but a single question presented, and that is whether the note upon which this action is brought was properly protested, so as to charge this endorser. The appellant makes two points upon this branch of the case. First, it is insisted that there was not a sufficient demand of the maker; and secondly, that notice of protest was not properly given. Neither of these questions were raised upon the trial. It appears from the case that a clerk of the bank where the note was

left for collection, having the note in his possession, de-manded payment of the maker at his residence, and that such demand was made of his wife in his absence, which was refused. If the defendant designed to make a point as to the sufficiency of the demand, he should have raised the objection upon the trial, in order that the plaintiff might have had an opportunity to supply the defect. Not having done so, any objection he may now make is una-vailing. (*Cowperthwaite* v. *Sheffield*, 3 *Comstock R.* 243.) It was held in this case, that when in an action against the endorser of a bill, the defendant moved for a nonsuit without stating any specific objection to the notice of pro-test, and the motion was denied, on a motion for a new trial on a bill of exceptions the sufficiency of the notice could not be inquired into. When an opportunity is given for objections and none are made, but the party whose duty it is to object remains silent, every reasonable intendment will be made by an appellate court to uphold the judg-ment. (*Jencks* v. *Smith*, 1 *Comstock*, 90.) And when, in a case like the present, no objection is raised to the demand, the court will infer that it was admitted to be sufficient. (20 *W. R.* 210; 24 *id.* 169.) The same answer is decisive of the objections raised to the notice of protest, and the judg-ment must be affirmed.

Judgment affirmed.